IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN G. OTSYULA,

        Plaintiff,

        v.

OREGON DEPARTMENT OF STATE LANDS,

        Defendant.

CV-07-1390-ST

FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, John G. Otsyula ("Otsyula"), appearing *pro se*, brings this action against his former employer, the Oregon Department of State Lands, for employment discrimination based on race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e *et seq.*, as amended ("Title VII"), and the Age Discrimination in Employment Act, 29 USC §§ 621-634 ("ADEA"). This court has jurisdiction pursuant to 42 USC § 2005-e, 29 USC § 626(c)(1) and 28 USC § 1331.

1 - FINDINGS AND RECOMMENDATION

The Department of State Lands seeks to dismiss the ADEA claim and the formerly named defendant, Mike Morales ("Morales"), with prejudice (docket # 16). For the reasons that follow, Department of State Lands' motion should be granted as to the ADEA claim and denied as to Morales.

## PROCEDURAL HISTORY

Otsyula filed his initial Complaint naming Morales, his former supervisor, as the only defendant (docket # 1). Morales moved to dismiss the Complaint (docket # 4) for two reasons: (1) civil liability under Title VII and the ADEA is limited to the employing entity and does not extend to individual agents or employees; and (2) the ADEA claim is barred by sovereign immunity. As an individual, Morales is not personally liable under Title VII or the ADEA. *Miller v. Maxwell's Int'l, Inc.*, 991 F2d 583, 587-88 (9th Cir 1993); *Logan v. West Coast Benson Hotel*, 981 F Supp 1301, 1311 (D Or 1997). For this reason alone, Morales was entitled to dismissal.

After the briefing on Morales' motion was complete, Otsyula moved for leave to file an amended complaint (docket # 9). This court granted that request and treated Morales' pending motion to dismiss as directed against the amended complaint (docket # 10). Otsyula then filed his Amended Complaint which substituted the Department of State Lands for Morales as the only named defendant (docket # 13). As a result, Morales' motion to dismiss became moot.

After the filing of the Amended Complaint, the Department of State Lands filed a Supplemental Brief In Support of the Motion to Dismiss (docket # 16). Because the filing of the Amended Complaint no longer named Morales as a defendant, the Department of State Lands should have filed a new and separate motion. To avoid the additional time and expense involved

2 - FINDINGS AND RECOMMENDATION

to have the Department of State Lands file a new motion, this court has construed its Supplemental Brief as a separate motion to dismiss (docket # 20).  So construed, the Department of State Lands moves to dismiss Otsyula's ADEA claim with prejudice on the basis of sovereign immunity and to dismiss Mike Morales with prejudice.  The Department of State Lands concedes that Otsyula's Title VII claim may proceed.

Otsyula has had ample time to respond to the arguments made by the Department of State Lands in its Supplemental Brief, but has not done so.  However, the Department of State Lands makes arguments that are identical to those originally advanced by Morales.  Thus, this court has considered the arguments made by Otsyula in his response to Morales' original motion to dismiss.

## STANDARDS

In considering a motion to dismiss, the court must accept the allegations of the complaint as true.  *Hishon v King & Spalding*, 467 US 69, 73 (1984).  The court must construe the pleading liberally in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  *Jenkins v. McKeithen*, 395 US 411, 421 (1969).  Furthermore, this court must liberally construe the pleadings of *pro se* defendants.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir 1987).  "Dismissal for failure to state a claim is proper only "if it appears beyond doubt" that the non-moving party 'can prove no set of facts which would entitle him to relief.'" *Leadsinger, Inc. v. BMG Music Pub.*, 512 F3d 522 (9th Cir 2008), quoting *Vasquez v. L.A. County*, 487 F3d 1246, 1249 (9th Cir 2007).

///

///

## FINDINGS

The Eleventh Amendment bars citizens from bringing suit in federal court against a state unless that immunity is waived by the state or abrogated by Congress. *Seminole Tribe of Florida v. Florida*, 517 US 44, 54 (1996); *Atascadero State Hosp. v. Scanlon*, 473 US 234, 238 (1985). The parties agree that the Department of State Lands is an "arm of the state." As such, it is protected by the State of Oregon's sovereign immunity pursuant to the Eleventh Amendment. *See Hess v. Port Auth. Trans-Hudson Corp.*, 513 US 30, 50 (1994); *Stoner v. Santa Clara County Office of Educ,*. 502 F3d 1116, 1122 (9th Cir 2007). The ADEA does not "validly abrogate the States' sovereign immunity to suit by private individuals[,]" *Kimel v. Fla. Bd. of Regents*, 528 US 62, 91 (2000), and the State of Oregon has not consented to Otsyula's suit. Thus, Otsyula's ADEA claim against the Department of State Lands must be dismissed.

Otsyula submits that the Oregon Tort Claims Act ("OTCA") waives the State of Oregon's immunity. He is wrong. The OTCA provides a limited waiver of the State of Oregon's sovereign immunity for the torts of its officers, employees and agents acting within the scope of their employment or duties. ORS 30.265(1). It does not waive the State of Oregon's Eleventh Amendment immunity to suit in federal court, and the State of Oregon has timely objected to the hearing of the ADEA claim in this court. Therefore, even if Otsyula's AEDA claim could be construed as a tort within the scope of the OTCA, it must still be dismissed pursuant to the Eleventh Amendment. *See Estate of Pond v. Oregon*, 322 F Supp2d 1161, 1165 (D Or 2004) ("The [OTCA] is a waiver of sovereign immunity but does not waive Eleventh Amendment immunity. Thus, suits by private parties against the state must be brought in state court."); *Strubel v. U.S.*, 2004 WL 1919992 (D Or June 22, 2004) (same). This dismissal,

however, is without prejudice to Otsyula's right to pursue his age discrimination claim in state court.[1]

Finally, because Morales is no longer a party to this case, this court cannot order that he be dismissed with prejudice. However, the above discussion demonstrates the futility of again filing a Title VII or AEDA claim against Morales.

## RECOMMENDATION

Because Otsyula's claim under the ADEA is barred by the Eleventh Amendment, the Department of State Lands' motion to dismiss (docket # 16) should be GRANTED IN PART as to the AEDA claim without prejudice to Otsyula's right to refile in state court and DENIED IN PART as to dismissal of Morales with prejudice.

## SCHEDULING ORDER

Objections to the Findings and Recommendation, if any, are due **March 3, 2008.** If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

///

///

///

---

[1] In order to bring such a claim, Otsyula must show that he has complied with the notice provisions of ORS 30.275 or face dismissal of his claim in state court. *See Hanggi on Behalf of Oregon Pub. Employees Ret. Fund v. Hartford Fire Ins. Co.*, 132 Or App 601, 608-09, 889 P2d 365, 369-70 (1995); *Brinkley v. Or. Health Sciences Univ.*, 94 Or App 531, 537, 766 P2d 1045, 1049 (1988) (citing cases), *review denied*, 307 Or 571, 771 P2d 1021 (1989)

5 - FINDINGS AND RECOMMENDATION

**NOTICE**

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until after entry of a final judgment on all claims.

DATED this 14th day of February, 2008.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge